**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SHENZHEN ZEHUIJIN
INVESTMENT CENTER, Limited
Partnership,

*Petitioner - Appellee*,

v.

LIU YINGKUI,

*Respondent - Appellant*,

and

ZHANG XIN,

*Respondent*.

No. 24-6215

D.C. No.
3:24-cv-00372-
MMA-DEB

OPINION

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted December 3, 2025
Pasadena, California

August 3, 2026

Before: Consuelo M. Callahan and Lucy H. Koh, Circuit Judges, and J. Campbell Barker, District Judge.[*]

Opinion by Judge Barker

---

## SUMMARY[**]

### Personal Jurisdiction

Affirming the district court's judgment confirming a foreign arbitral award against Liu Yingkui, the panel held that the district court had general personal jurisdiction over Liu, who was physically present in the forum state.

The panel held that the Due Process Clause of the Fourteenth Amendment does not condition presence-based personal jurisdiction on service of process on the defendant's person as opposed to other means of service of process. The panel thus rejected Liu's Fed. R. Civ. P. 12(b)(2) defense of lack of personal jurisdiction.

The panel declined to resolve Liu's argument that service of process was insufficient because that separate defense under Fed. R. Civ. P. 12(b)(5) was not raised in his motion to dismiss and was thus waived.

---

[*] The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Lena Streisand (argued), Proskauer Rose LLP, Los Angeles, California; Kevin T. Abikoff, Proskauer Rose LLP, Washington, D.C.; Meaghan Gragg, Yi-Chin Ho, and Holden Fitzgerald, Hughes Hubbard & Reed LLP, Los Angeles, California; for Petitioner-Appellee.

Anthony J. Dain (argued), Procopio Cory Hargreaves & Savitch LLP, San Diego, California, for Respondent-Appellant.

## OPINION

BARKER, District Judge:

"Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State." *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 610 (1990) (plurality op.). We hold that the Due Process Clause of the Fourteenth Amendment does not condition the existence of presence-based personal jurisdiction on service of process on the defendant's person as opposed to other means of service of process. We thus reject appellant's Federal Rule of Civil Procedure 12(b)(2) defense of lack of personal jurisdiction. *See infra* Part III.A. We then decline to resolve appellant's argument that service of process was insufficient because that separate defense under Rule 12(b)(5) was not raised in appellant's motion to dismiss and is thus waived. *See infra* Part III.B.

## I.   Background

This is a loan-collection case. In 2017, Shenzhen Zehuijin Investment Center loaned Liu Yingkui 160 million Chinese yuan. Liu did not repay the loan. The Investment Center took its repayment dispute to the Beijing Arbitration Commission, which entered an arbitral award for around 150 million yuan. A Singaporean court later ordered Liu to pay the award. But Liu did not pay.

The Investment Center then tried to enforce the award in the United States under chapter 2 of the Federal Arbitration Act, which implements the New York Convention by allowing domestic enforcement of foreign arbitral awards. 9 U.S.C. §§ 201–08. Understanding that Liu lived in the San Diego area, the Investment Center filed a petition in the U.S. District Court for the Southern District of California to confirm the arbitral award.

The process server hired by the Investment Center attempted twice to hand the petition to Liu at his California residence. Both attempts failed. On the third attempt, the process server left the petition with an adult who represented herself as a cotenant at the residence. The process server then mailed the petition to Liu's residence by first-class mail and emailed the papers to Liu. Liu admits that he lived at the California address for around two years at the time of those events. Liu also admits receiving notice of this action.

Liu moved to dismiss the case under Federal Rule of Civil Procedure 12(b). The motion did not cite Rule 12(b)(5) or mention insufficient service of process. But the motion did invoke Rule 12(b)(2) and argue that the federal district court's personal jurisdiction over Liu turned on whether a California state court would have personal jurisdiction over him. Liu then argued that a California court would not have

general personal jurisdiction because his domicile was China (even though he was physically present in California when served there). And Liu argued that a California court would not have specific personal jurisdiction because the arbitral award and the underlying loan occurred in China, not California.

The district court held that it had general personal jurisdiction because Liu was served with process while present in California. The district court rejected Liu's argument that presence-based jurisdiction comports with due process only if the defendant is personally handed process papers. The court instead held that presence-based jurisdiction exists when a physically present defendant is served by the alternative means used here.

After rejecting Liu's other requests for dismissal, the district court confirmed the arbitral award and entered judgment against him. Liu now appeals from that judgment.

## II. Jurisdiction and standard of review

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 203, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a). We review de novo a district court's denial of a motion to dismiss for lack of personal jurisdiction. *FDIC v. British-Am. Ins. Co.*, 828 F.2d 1439, 1441 (9th Cir. 1987).

## III. Analysis

On appeal, Liu advances several reasons why the district court could not exercise personal jurisdiction over him. First, he asserts that the Due Process Clause of the Fourteenth Amendment conditions presence-based personal jurisdiction on service of process on the defendant's person in the forum state. Second, Liu asserts that, even if service of process on

the defendant's person is not required, the Due Process Clause requires strict compliance with federal and state substitute-service provisions as a necessary jurisdictional predicate. Alternatively, Liu claims that at least substantial (versus strict) compliance with substitute-service regulations is required by the Due Process Clause.

Liu's arguments implicate two issues: (a) the district court's *authority* to bind him, i.e., the existence of personal jurisdiction over him, and (b) the district court's *exercise* of that personal jurisdiction through sufficient service of process. As to the first issue, the requirement that a court have personal jurisdiction flows from the Due Process Clause and "represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The overarching test for personal jurisdiction requires that the maintenance of the suit not offend traditional notions of fair play and substantial justice. *Id.* As to the second issue, service of process "is the procedure by which a court . . . *asserts* jurisdiction over the person of the party served" by giving notice of suit. *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) (emphasis added); *accord SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). The service of process in a given case may be challenged under constitutional or rule-based standards. *See Greene v. Lindsey*, 456 U.S. 444, 449–50 (1982); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Although related, each issue is distinct and must be independently raised if asserted in defense. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir.), *as amended on denial of reh'g* (Nov. 1, 2000) ("This confuses two separate defenses under Rule 12(b). An objection based on insufficiency of service of process is

delineated under Rule 12(b)(5); one based on 'lack of jurisdiction over the person' is set forth under Rule 12(b)(2)."). So we address each issue separately. We reject Liu's personal-jurisdiction arguments on the merits and need not reach the merits of Liu's insufficient-service-of-process arguments because they are waived. We thus affirm the district court's judgment.

**A. Presence-based personal jurisdiction does not require service on the defendant's person.**

As the parties do, we assume that "the jurisdictional analyses under state law and federal due process are the same," *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011), and thus analyze personal jurisdiction under the Fourteenth Amendment's Due Process Clause as if this case arose in California state court. As noted, the overarching test for personal jurisdiction is that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Ins. Corp. of Ir.*, 456 U.S. at 702–03 (1982) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). That test recognizes "two categories of personal jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). General (all-purpose) jurisdiction permits a state court to hear any and all claims against a defendant, even claims unrelated to the defendant's contacts with the forum state. *Id.* at 127, 132. Specific jurisdiction, in contrast, permits a state court to hear only those lawsuits based on a defendant's case-related contacts with the forum state. *Id.* at 126–27, 132. Because the Investment Center's claims against Liu do not relate to Liu's contacts with California, general jurisdiction is the only potential basis for personal jurisdiction in this case.

General jurisdiction may exist based on consent, domicile, or presence. *Ins. Corp. of Ir.*, 456 U.S. at 702–03; *Milliken v. Meyer*, 311 U.S. 457, 462–63 (1940); *Burnham*, 495 U.S. at 610 (plurality op.). Only the third basis is addressed here because Liu did not consent to personal jurisdiction and because the district court did not decide whether Liu was domiciled in California. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence' . . . .").

The traditional principle of power over persons who are physically present in a sovereign's territory is an independent basis for general jurisdiction. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1067 (9th Cir. 2014) (recognizing that "tag jurisdiction . . . over natural persons who are physically present in a forum state" grants a court general jurisdiction). That rule rests upon the English tradition that "personal actions . . . may be brought in any place, where the party defendant may be found." *Burnham*, 495 U.S. at 611 (plurality op.); *see id.* at 636–37 (Brennan, J., concurring in the judgment) ("[J]urisdiction is often a function of geography. . . . 'If I visit another State, . . . I knowingly assume some risk that the State will exercise its power over my property or my person while there.'" (second ellipsis in original) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in the judgment))); Restatement (First) of Conflict of Laws § 78 ("A state can exercise through its courts jurisdiction over an individual voluntarily within its territory whether he is permanently or only temporarily there."). Jurisdiction obtained by serving process on a person while that person is present in a forum is sometimes called "transient" jurisdiction. *Burnham*, 495 U.S. at 629 n.1 (Brennan, J., concurring in the judgment).

Liu was present and residing in California when this action was filed. The district court found that Liu "has continuously been physically present in this district, voluntarily, for the last two years" and had "continuously lived [in California] since April 2022." Liu also received actual notice of this action, via service at his personal residence, while continuously living there during that time. Indeed, Liu does "not dispute that he received actual notice of this action."

Liu argues that presence-based general jurisdiction further requires service of process on the defendant's person. It does not, and that is the only issue that we resolve today. Our holding flows from due process principles recognized by the plurality opinion and by Justice Brennan's concurring opinion in *Burnham*.

The plurality emphasized tradition: "the principles traditionally followed by American courts in marking out the territorial limits of each State's authority." *Burnham*, 495 U.S. at 609. The plurality recognized the longstanding principle that physical power over a defendant's person is central to personal jurisdiction:

> Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State. The view developed early that each State had the power to hale before its courts any individual who could be found within its borders, and that once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter

> judgment against him, no matter how fleeting
> his visit.

*Id.* at 610–11. Service of summons on the defendant's person, as occurred in *Burnham*, *id.* at 608, may have been the most common means of service of process. But the *Burnham* plurality emphasized the importance of a defendant's physical presence when subjected to a state's *legal process*, not service of process on the defendant's person to the exclusion of other means of serving process. *Id.* at 611.

According to the plurality, American courts at the time of the Fourteenth Amendment's adoption shared Justice Story's understanding, expressed in *Picquet v. Swan*, 19 F. Cas. 609, 611–12 (C.C.D. Mass. 1828), that "[w]here a party is within a territory, he may justly be subjected to its process, and bound personally by the judgment pronounced, on such process, against him." Indeed, Justice Story's opinion in *Picquet* spoke of process being "personally served" not by mere service of process on the defendant's person, but by the alternative means authorized by the relevant statute there— leaving summons "at any place of abode of the defendant, either last or usual, in the commonwealth." 19 F. Cas. at 613, 616.

Similarly, the *Burnham* plurality used the phrase "personal service" without defining it to mean solely service of process on the defendant's person. 495 U.S. at 612. Instead, the *Burnham* plurality used the term to cover a list of cited cases demonstrating that service of process on the defendant's person is not required. For example, *Hart v. Granger*, 1 Conn. 154 (1814), concerned personal service in suits at law either by reading a writ in a defendant's presence *or* by leaving a copy at his usual place of abode in

Connecticut, *id.* at 165. As another example of "personal service" on a defendant, the *Burnham* plurality cited *Vaughn v. Love*, 188 A. 299 (Pa. 1936), where a summons was left with a maid at the defendant's residence in Pennsylvania, *id.* at 300–01.

Moreover, in a provision cited approvingly by the *Burnham* plurality, 495 U.S. at 615, the Restatement (First) of Conflict of Laws gives the following illustration of personal jurisdiction arising from a defendant's voluntary presence and service of process in a state:

> A brings an action against B in a court of state X. B is domiciled in and a citizen of state Y, but is stopping at a hotel in X. In accordance with a statute, process is served upon B by mail, the process being duly received by B at the hotel. The court has jurisdiction over B.

Restatement (First) of Conflict of Laws § 78 cmt. c, illus. 1 (1934). That maps cleanly to the facts of this case. State X is California here, and defendant B is Liu. Although Liu might be domiciled elsewhere (state Y in the illustration), Liu was voluntarily present in California when served with process at his residence there by means that were reasonably calculated to achieve—and that did achieve—actual notice. That suffices to establish personal jurisdiction. *Id.*; *see also, e.g.*, *Rawstorne v. Maguire*, 192 N.E. 294, 296 (N.Y. 1934) (holding that personal jurisdiction exists over a non-domiciliary, present in the state, based on service that was not on the defendant's person but that was calculated to provide "reasonable notice of the commencement of an action and opportunity to defend").

In sum, the *Burnham* plurality extracted from American jurisdictional practice "the premise that service of process conferred jurisdiction" over defendants who voluntarily enter a sovereign's territory. 495 U.S. at 613. That premise is not limited to directly placing a summons on the defendant's person as opposed to other means of service of process in the forum state.

Justice Brennan's concurrence in *Burnham* also supports the existence of personal jurisdiction here. Justice Brennan placed less weight on a jurisdictional rule's historical pedigree and gave more weight to an independent inquiry into the rule's fairness under contemporary notions of due process. *Id.* at 629–33. Under that approach, Justice Brennan considered the attenuation of a defendant's connection to a state asserting personal jurisdiction, whether a non-domiciled defendant availed himself of significant benefits provided by the state, and the potential burdens on the non-domiciled defendant. *Id.* at 637–39. Analyzing those considerations, Justice Brennan concluded that "as a rule the exercise of personal jurisdiction over a defendant based on his voluntary presence in the forum will satisfy the requirements of due process." *Id.* at 639.

That "as a rule" conclusion applies here because, like the defendant in *Burnham*, "it is undisputed that [Liu] was served with process while voluntarily and knowingly in the State of California." *Id.* at 640. Whether that service of process occurred on the defendant's person or by other means that accomplished actual notice did not enter Justice Brennan's analysis. And even if Justice Brennan's "rule" were revisited under its animating principles, considerations of fairness do not cut against personal jurisdiction here. Liu voluntarily resided in California for a lengthy period before this action, receiving the protection of its laws, the right of

access to its courts, and the benefits of public infrastructure and services in the state. *See id.* at 637–38. So there is nothing unfair about subjecting Liu to the jurisdiction of courts in California. *Id.* Indeed, Liu's multi-year place of residence is the least burdensome forum for him to defend this case. *Id.* at 638–39.

In sum, under either approach in *Burnham*, the district court correctly rejected Liu's defense that the court lacked an adequate basis for personal jurisdiction based on the Investment Center's failure to serve Liu's person.

**B. Strict compliance with statutory service requirements goes to the separate defense of insufficient service of process, which is waived.**

Liu argues that, even if the Due Process Clause as interpreted in *Burnham* does not condition presence-based personal jurisdiction on service of process on the defendant's person in the forum state, the Due Process Clause nonetheless requires "strict compliance with federal and state statutory substitute service provisions []as a necessary jurisdictional predicate[.]" But the Supreme Court has never tied the adequacy of service of process under the Due Process Clause to compliance with applicable federal or state service of process rules. *See generally* 5B Arthur R. Miller & A. Benjamin Spencer, Fed. Prac. & Proc. § 1353 (4th ed. 2025) ("Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him; the actual existence of personal jurisdiction should be challenged by a Rule 12(b)(2) motion." (emphasis added; footnote omitted)). The California Judicial Council's official comment to the state's own long-arm statute recognizes this distinction:

> Each state has its own requirements in this regard. These requirements are usually set forth in each state's service of process statutes, and are often more stringent than those imposed by the due process clause of the United States Constitution. . . . If constitutional requirements are satisfied, failure to comply with the additional requirements of the state of rendition does not necessarily make its judgment void.

Jud. Council of Cal., Report to the Governor and the Legislature (1969), *reprinted in* Cal. Civ. Proc. Code § 410.10 Jud. Council cmt. (West 2022) (citations omitted).

Instead, the Supreme Court has repeatedly held that, as to service of process, the Due Process Clause requires only "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Greene*, 456 U.S. at 449–50 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). But the defense of insufficient service of process is distinct from the defense of lack of personal jurisdiction and is waived if available and not raised in a defendant's motion to dismiss. Fed. R. Civ. P. 12(b)(2), (b)(5), (g)(2), (h)(1). As relevant here, Liu's motion to dismiss presented only a Rule 12(b)(2) defense that the district court lacked personal jurisdiction. His motion did not cite Rule 12(b)(5) or allege insufficient service of process. We thus deem waived his appellate invocation of that defense. In the alternative, even if that defense was preserved by Liu's objection to personal jurisdiction as opposed to sufficient service of process, Liu

does not provide any reason why that constitutional minimum was not met under the circumstances of this case.

Liu also argues that dismissal is required because the Investment Center failed to strictly follow California's applicable service-of-process rules, as he contends California law requires. To that end, he cites a series of California cases addressing sufficient service of process. *See Pasadena Medi-Ctr. Assocs. v. Sup. Ct. (Houts)*, 9 Cal. 3d 773 (1973); *Katz v. Campbell Union High Sch. Dist.*, 144 Cal. App. 4th 1024 (2006); *Summers v. McClanahan*, 140 Cal. App. 4th 403 (2006); *Zirbes v. Stratton*, 187 Cal. App. 3d 1407 (1986); *Warner Bros. Recs., Inc. v. Golden W. Music Sales*, 36 Cal. App. 3d 1012 (1974). Again, however, Liu's motion to dismiss in district court did not cite Rule 12(b)(5) or allege insufficient service of process. Because this argument is waived, we need not reach it.

## IV.   Conclusion

"[J]urisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'" *Burnham*, 495 U.S. at 619 (plurality op.); *see also id.* at 639 (Brennan, J., concurring in the judgment) (stating that, "as a rule," such jurisdiction "will satisfy the requirements of due process"). We hold that the Fourteenth Amendment's Due Process Clause does not condition such presence-based personal jurisdiction on service of process on the defendant's person as opposed to other means of service of process. And to the extent that Liu disputes the sufficiency of service of process here, we hold that he

waived that separate defense by failing to assert it in district court.

**AFFIRMED.**